IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,617-04






EX PARTE LARRY POWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. W02-48991-R(B) IN THE 265TH DISTRICT COURT 

DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of possession of cocaine with intent to deliver and sentenced to confinement for
fifteen years. No direct appeal was taken. 

 Applicant contends that he never received notice of his mandatory supervision hearing
and never had a meaningful opportunity to be heard. The trial court has not entered findings
of fact or conclusions of law. We believe that Applicant has alleged facts that, if true, might
entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be
developed and because this Court cannot hear evidence, the trial court is the appropriate
forum. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from TDCJ-Parole Division, or it may order a hearing. In the appropriate case the trial court may also rely
on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant is eligible for release to mandatory supervision and, if so, whether
he received notice of his mandatory supervision hearing and had a meaningful opportunity
to be heard. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14TH DAY OF JUNE, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.